UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW MESNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00252-JAW |
| | ) |
| FIDELITY BROKERAGE SERVICES, | ) |
| LLC, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR RELIEF FROM A FINAL ORDER AND JUDGMENT**

On October 24, 2023, the Court issued a forty-two-page Order on Pending Motions, addressing and resolving against Andrew Mesner his June 22, 2023 complaint against Fidelity Brokerage Services, LLC, and Fidelity Management 3 Research Company LLC (Defendants). *Order on Pending Mots.* (ECF No. 52) (*Order*). The same day the Clerk entered a judgment against Mr. Mesner and in favor of Defendants. *J. of Dismissal* (ECF No. 53). Dissatisfied with the Court's order, on November 1, 2023, Mr. Mesner filed a motion for relief from the order and judgment. *Mot. for Relief from a Final Order and J.* (ECF No. 55).

In his motion, Mr. Mesner claims that "[t]hrough inadvertence, excusable neglect or misconception," the Court "overlooked a few facts related to these two rulings." *Id.* at 3. Mr. Mesner says that as the "separately signed arbitration clause is just one paragraph, the plaintiff does not waive his seventh amendment constitutional rights in the separately signed arbitration clause." *Id.* Next, Mr. Mesner says that the "Fidelity Account Customer Agreement" does not "disclose

violations of U.S. Federal laws will occur," therefore the Agreement must be "(1) null and void or (2) not applicable in this case." *Id.* Mr. Mesner reiterates that the case "is about violations of U.S. Federal Laws," and he repeats that the arbitration clause "does not encompass the plaintiff waiving his seventh amendment constitutional rights" and therefore the "separately signed arbitration clause is moot." *Id.* The Defendants' response was due by November 22, 2023, but they did not file a response.

"[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." *Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 3 (1st Cir. 2014) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). "A party who seeks relief under the rule must establish, at the very least, 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to opposing parties should the motion be granted.'" *Id.* at *3-4 (quoting *Karak*, 288 F.3d at 19). After reviewing Mr. Mesner's motion and applying the First Circuit's standards for review of a Rule 60(b) motion, the Court reexamined its October 24, 2023 order and has concluded that Mr. Mesner's current motion is without merit.

Mr. Mesner reiterates his view that the arbitration agreement in this case violated his Seventh Amendment rights, but the Court addressed and rejected this very same argument in its October 24, 2023 order. *Order* at 33-34.

Mr. Mesner also argues that the arbitration agreement did not expressly state that he was agreeing to arbitrate his claim involving "violations of U.S. Federal laws," but the arbitration agreement is in bold, broad, and unrestricted: "**All controversies that may arise between you and us concerning any subject matter, issue or circumstance whatsoever . . . shall be determined by arbitration.**" *Decl. of Diane Brown*. Attach. 2 at 19 (Fidelity Account Customer Agreement).  This language is sufficiently expansive to include alleged violations of federal law.

Finally, Mr. Mesner seems to assert that he should not be bound by the terms of the arbitration agreement because it was in a separate document.  But, as the electronic account application reveals, by opening his account with Fidelity, Mr. Mesner was directed to the Customer Agreement and was told to "**Open, read, and save each of the documents below**." *Id.* Attach. 1 at 3 (*Application*).  Moreover, as the Court observed in its October 24, 2023 order, based on Mr. Mesner's statements the Court concluded that Mr. Mesner "read the Agreement, understood it, and knowingly and intelligently waived his right to a jury trial when he signed it." *Order* at 34.

In short, nothing in Mr. Mesner's post-judgment motion convinces the Court that it erred in granting the Defendants' motion to dismiss his amended complaint. The Court DENIES Andrew Mesner Motion for Relief from a Final Order and Judgment (ECF No. 55).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of November, 2023