UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREW MESNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00252-JAW |
| | ) | |
| FIDELITY BROKERAGE SERVICES, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S SEVENTH AND EIGHTH POST-JUDGMENT MOTIONS AND ORDER ENJOINING PLAINTIFF FROM FUTURE FILINGS WITHOUT COURT PERMISSION**

The Court denies a plaintiff's seventh post-judgment motion and strikes a plaintiff's eight post-judgment motion on the ground that they are frivolous. After having given plaintiff multiple warnings against filing frivolous motions, the Court also enjoins the plaintiff from submitting future filings with the Court without advance permission.

## I.   PROCEDURAL BACKGROUND

On June 22, 2023, Andrew Mesner filed a complaint against Fidelity Brokerage Services LLC and Fidelity Management & Research Company LLC (Defendants). *Compl.* (ECF No. 1). Defendants filed a motion to dismiss in favor or arbitration, *Mot. to Dismiss in favor of arb.* (ECF No. 6).

Thereafter, Mr. Mesner filed a motion for request for relief, a motion for default judgment, a motion for a temporary restraining order, a renewed motion for relief, a motion to amend his complaint, another motion for default judgment, a motion for

sanctions, and an emergency motion for a temporary restraining order.  *See Mot. Request for Relief* (ECF No. 8)*, Mot. to Amend Compl.* (ECF No. 13), *Mot. for Default J.* (ECF No. 16), *Mot. for Sanctions* (ECF No. 21), *Renewed Mot. for Relief* (ECF No. 28), *Renewed Motion for Default J.* (ECF No. 41), *Emergency Mot. for TRO* (ECF No. 43).

Ms. Mesner filed multiple responses to Defendants' filings.  *See Resp.* (ECF No. 9), *Resp. to Mot.* (ECF No. 19), *Additional Resp.* (ECF No. 20), *3rd Resp. to Mot.* (ECF No. 22), *Resp. to Motion* (ECF No. 35), *Resp. to Mot.* (ECF No. 45).

Mr. Mesner also responded to his own filings, often numerous times.  *See Resp. to Mot.* (ECF No. 10) (responding to his own motion for relief), *Reply to Resp. to Mot.* (ECF No. 12) (replying to his response to his motion for relief), *Reply to Resp. to Decl. Of Diane Brown* (ECF No. 15) (replying to his response), *Resp. to Mot.* (ECF NO. 23) (responding to his own motion for sanctions), *Resp. to Mot.* (ECF NO. 24) (responding to his own motion to amend his complaint), *2nd Resp. to Mot.* (responding to his own motion for sanctions), *3rd Resp. to Mot.* (responding to his own motion for sanctions), *Resp. to Mot.* (ECF No. 39) (responding to his own motion for default judgment), *4th Resp. to Mot.* (ECF No. 40) (responding to his own motion for sanctions), *5th Resp. to Mot.* (ECF NO. 44) (responding to his own motion for default judgment), *Reply to Resp. to Mot.* (ECF No. 48) (responding to ten filings from himself and Defendants), *5th Resp. to Mot.* (ECF No. 50) (responding to his own motion for sanctions).

After this deluge of filings, on October 24, 2023, the Court issued a forty-two-page order, addressing all the filings, resolving the arbitration issue against Mr.

Mesner, and dismissing his June 22, 2023 complaint. *Order on Pending Mots.* (ECF No. 52) (*Order*). The same day the Clerk entered a judgment against Mr. Mesner and in favor of Defendants. *J. of Dismissal* (ECF No. 53).

Since October 24, 2023, Mr. Mesner has filed numerous post-judgment motions. Eight days after judgment was entered, on November 1, 2023, Mr. Mesner filed a motion for relief from a final order and judgment. *Mot. for Relief from a Final Order and J.* (ECF No. 55). On November 27, 2023, the Court denied Mr. Mesner's request. *Order on Motion for Relief from a Final Order and J.* (ECF No. 60). Nine days later, on December 6, 2023, Mr. Mesner filed his second motion for relief from a final order and judgement. *Second Mot. for Relief from a Final Order and J.* (ECF No. 61). On December 28, 2023, the Court denied Mr. Mesner's request. *Order on Second Mot. for Relief from a Final Order and J.* (ECF No. 62).

After a brief hiatus, on March 4, 2024, Mr. Mesner filed his third motion seeking the same relief. *Mot. for Relief from a Final Order and J.* (ECF No. 63). The next day, the Court denied Mr. Mesner's request. *Order on Third Mot. for Relief from a Final Order and J.* (ECF No. 64). Two days later, on March 7, 2024, Mr. Mesner filed his fourth motion for relief from a final order and judgment. *Mot. [for] Relief from a final order and j.* (ECF No. 65) (*Fourth Mot.*). In this filing, Mr. Mesner "heighten[ed] his rhetorical anger against this Judge, claiming that the Court 'corruptly' used an 'oppressive structure' against him, accusing the Court of being 'blatantly prejudiced,' claiming that the Court violated Canon 3 of the Canons of Judicial Conduct, and demanding this Judge's recusal on the ground that the Court

3

is 'incapable of impartiality and fairly and diligently adjudging this motion.'" *Order Striking Fourth Mot. for Relief from a Final Order and J. and Issuing "Cok"*[1] *Warning* at 1 (ECF No. 66) (quoting *Fourth Mot.* at 1-7). Having concluded that Mr. Mesner's arguments had "devolved into personal invective" and were "devoid of any legal argument not previously addressed," on March 8, 2024, the Court struck Mr. Mesner's fourth motion for relief from a final order and judgment, *id.* at 1-2, and issued a *Cok* warning, letting Mr. Mesner know that if he "persist[ed] in filing frivolous and insulting motions in this case, the Court w[ould] impose filing restrictions against him." *Id.* at 3.

That same day, March 8, 2024, Mr. Mesner filed a motion demanding that this Judge and the Magistrate Judge recuse themselves, *Mot. of Disqual. of Judge and Magis. J.* (ECF No. 67), and his fifth motion for relief from a final order and judgment. *Mot. for Relief from a Final Order and J.* (ECF No. 68) (*Fifth Mot.*). On March 11, 2024, the Court denied Mr. Mesner's motion for recusal because he presented no reasonable grounds to support recusal, *Order on Mot. to Recuse* (ECF No. 70), and once again rejected Mr. Mesner's motion for relief from judgment on the ground that it was frivolous. *Order on Pl.'s Sixth Post-J. Mot. and Renewed "Cok" Warning* (ECF No. 71). In this order, the Court explained that Mr. Mesner's "about-face on whether service was effective and his argument that service of process was somehow defective because the deputy sheriff served a human being, rather than a corporation, [wa]s specious." *Id.* at 4. The Court further explained how his contention was a "non-

---

[1]     *Cok v. Family Ct.*. 985 F.2d 32, 35 (1st Cir. 1993).

sequitur," and his original motion would still have been dismissed. *Id.* at 5. The Court concluded by warning Mr. Mesner a second time that "filing restrictions may be in the offing," *id.* at 6 (quoting *Cok,*, 985 F.2d at 35), because "Mr. Mesner is wasting the Court's time on his repetitive, frivolous, and accusatory post-judgment motions." *Id.*

On that same day, March 11, 2024, Mr. Mesner filed two additional motions for relief from a final order and judgment—his seventh and eighth post-judgment filings. *Mot. for Relief from a Final Order and J.* (ECF No. 69) (*Seventh Mot.*); *Mot. for Relief from a Final Order and J.* (ECF No. 72) (*Eighth Mot.*).

## II.   DISCUSSION

Mr. Mesner once again files under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) allows a court to "relieve a party from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). In his motion, Mr. Mesner contends that "[t]he Court overlooked substantive facts, ignored facts, derived conclusions without fact(s)," and "compels and demands this Court rectify order therein ECF 52 accordingly." *Seventh Mot.* at 14. To support this conclusion, Mr. Mesner makes five arguments.

Four of Mr. Mesner's arguments were already squarely addressed so the Court does not revisit them.

The first duplicative argument is Mr. Mesner's claim that "a valid agreement to arbitrate does not exist." *Id.* at 4. Mr. Mesner tries to support this argument through numerous references to "the defendants' use of 'breadth and/or expansive

language.'" *Id.* at 3-5.  Mr. Mesner argues this proves Defendants had "scienter intent to conceal materially relevant facts." *Id.* at 5.  As this was previously addressed, *see Order on Pending Mots.* at 29-32, the Court declines to entertain this argument once more.

Second, Mr. Mesner once again brings up his unconscionability argument.  He cites the Court's order: "Ms. Mesner does not expand upon why the Agreement is unconscionable and cites no caselaw to support his contention." *See id.* at 6 (citing *Order on Pending Motions* at 32).  He then shows language in his complaint at page 22 that talks about traits of unconscionability; however, much like before judgement, Mr. Mesner only points to general phrases like "potential violations of U.S. Federal Law(s), to include U.S. Federal Securities Laws." *Id.* at 7.  Mr. Mesner's argument is that "[t]he Court's finding . . . is a fabrication of fact as evidenced in the plaintiff's filing of ECF 22.  While the plaintiff describes fraud by non-disclosure therein ECF 22, fraud by non-disclosure is by itself unconscionable, the descriptions of fraud by non-disclosure therein reveal traits of unconscionability." *Id.* at 8.  It seems Ms. Mesner takes issue with the fact that "[t]he Court never addresses this issue further." *Id.* at 10.  However, just like the first argument, the Court has already addressed this one, *see Order on Pending Mots.* at 32-33, and the Court rejects Mr. Mesner's demand to relitigate the issue absent any indication of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).

Mr. Mesner then "contests the Court's assumption that 'the Fidelity Account Customer Agreement including its arbitration provision, could be deemed anything

other than affecting interstate commerce.'" *Id.* at 11. He argues the Agreement "could not be deemed 'a transaction involving interstate commerce' as no monetary transaction transacted in the signing of either the Fidelity Account Customer Agreement or separately signed arbitration agreement." *Id.* (quoting 9 U.S.C. 1). The Court addressed this question in its December 28, 2023 order. *See Order on Second Mot. for Relief from a Final Order and J.* at 2-4 (ECF No. 62). The Court stands by its position. Fidelity is an investment, brokerage, wealth management, financial planning, and online trading outfit—surely Mr. Mesner understood his contract with Fidelity has a connection to interstate commercial activity. Insofar as Mr. Mesner disagrees with that conclusion, he has once again failed to provide any legal support for what otherwise must be characterized as his personal opinion.

Mr. Mesner's final repetitive argument is that Fidelity Management & Research Company LLC is the owner and responsible entity for all fidelity.com-related features. *See id.* at 12-14. The Court already thoroughly addressed this argument too. *See Order on Pending Motions* at 35-38.

The Court turns to Mr. Mesner's final argument for a couple of reasons. First, although the Court already addressed the core part of this argument, Mr. Mesner has given it a new spin, highlighting a specific fact, so the Court addresses it here. The argument is also a prime example of the level of absurdity that Mr. Mesner's arguments have devolved into in his post-judgment motions.

Mr. Mesner argues that Defendants lied; specifically, he says "[n]owhere in the complaint at page 22 as the defendant's legal counsel states does [Andrew] allege . . .

7

'that the agreement as a whole is long and hard for him to understand.' This statement . . . is not just a lie, it is a complete fabrication, it is slanderous, it is wanton, it is defamation of [Andrews] character and inflammatory." *Seventh Mot.* at 1-2. Mr. Mesner then cites the Court's Order on Pending Motions (ECF No. 52), wherein the Court stated that "[a]ccepting Mr. Mesner at his word, the Court takes as a given that he read the Agreement, understood it, and knowingly and intelligently waived his right to a jury trial when he signed it." *Id.* at 2 (quoting *Order on Pending Motions* at 34). By Mr. Mesner's estimation "[t]his finding of the Court is based not on facts, but on the lie the defendants stated to induce a reaction from the plaintiff the Court would rely upon to falsely conclude with prejudice the plaintiff knowingly and intelligently waived his right to a jury trial when the plaintiff 'signed.'" *Id.* Instead, "**all the plaintiff conveyed was his objection to the defendants fabricated 'allegation' lie**." *Id.* (emphasis in original). Mr. Mesner then alleges "the Court fabricated a finding that fit this court's prejudiced narrative to expedite this Court's dismissal of this case." *Id.*

First of all, the Court once again rejects Mr. Mesner's personal invective and allegation that the Court somehow abused its power. Second, the Court outright rejects Mr. Mesner's attempt to corral its interpretation of his vociferous denial, particularly the logical inference of that denial.

Paragraph 22 of Mr. Mesner's complaint says: "**Complaint 7:** [Andrew] has included (3) condensed policies from the 'Fidelity Account Customer Agreement', each of the (3) policies exhibit traits of unconscionability; the actual length of the 'Fidelity

8

Account Customer Agreement' is 54 pages and contains more policies than is referenced in the policies below." *Compl.* ¶ 22.

In response, as Mr. Mesner points out, Defendants, citing Mr. Mesner's complaint at paragraph 22, alleged that Mr. Mesner said the agreement is long and hard for him to understand. *See Mot. to Compel Arb.* at 5 (ECF No. 6). Mr. Mesner's reference to the agreement being 54 pages long fully justifies Fidelity's statement that he was contending that the agreement was "long."

Although Mr. Mesner did not expressly argue that he found the agreement hard to understand, this assertion is implicit in his contention that the agreement has "traits of unconscionability." *Compl.* ¶ 22. As a legal concept, "unconscionability" evokes "the use of fine print and complex language, and the lack of understanding [of] one party." *Kourembanas v. InterCoast Colls.*, 373 F. Supp. 3d 303, 320 (D. Me. 2019). In short, Mr. Mesner's reference to the agreement being 54 pages long and having traits of unconscionability amply justifies Fidelity's characterization that he thought the agreement was long and hard to understand.

Despite the validity of Defendants' response, Mr. Mesner replied to their description with outrage; he "characterized that statement as a 'lie,' and went as far as to say that it was 'slanderous, it is wanton, it is defamation of [Andrew] [Mesner's] character and inflammatory.'" *Order on Pending Mots.* at 34 (citing *Pl.'s Opp'n to Mot. to Compel Arb. and to Dismiss the Compl.* at 5 (ECF No. 9)).

Furthermore, after the Court accepted Mr. Mesner's own protest that Defendants were inaccurate in claiming that the agreement was long and that he did

not understand it, the Court made the logical inference that he did understand it.  In response, Mr. Mesner accused the Court of having "concluded a fabrication without facts, . . . endeavored to corrupt the exchange between the lying defendant and induced respondent plaintiff, . . . fabricated a finding that fit this court's prejudiced narrative to expedite this Court's dismissal of this case."  *Seventh Mot.* at 2.  The Court rejects Mr. Mesner's accusations as scurrilous and meritless.

But that is not all.  Mr. Mesner's seventh post-judgment motion epitomizes his illogical and contradictory positions.  Mr. Mesner is now once again highlighting that the agreement is 54 pages long, double-sided, and with tiny font.  *Id.* at 1.  He adds on that he has no higher education and no formal or informal education in the law. *Id.* at 2.  Moreover, he specifically alleges that "[t]here is *no way the plaintiff understood* the defendant's deceptive use of 'breadth and/or expansive language' would encompass violations of U.S. Federal laws."  *Id.* (emphasis supplied)

Thus, at first, Mr. Mesner called Defendants' allegation that he did not understand the document a "lie," "slanderous," "wanton," "defamation," and "inflammatory."  Now, he is explicitly saying that "[t]here is no way [he] understood" the Defendants' broad and expansive agreement language.  Mr. Mesner's filings are not merely frivolous, they are also self-contradictory.

Altogether, none of Mr. Mesner's arguments in his seventh post-judgment motion warrants relief.  The Court accordingly denies his seventh post-judgment motion.

Mr. Mesner's eighth post-judgment motion again repeats his unconscionability and Fidelity Management & Research Company LLC as parent arguments. *See Eighth Mot.* at 1-8. As these have already been addressed, and given the repetitive and frivolous motions to date, the Court strikes this motion.

## III.   SUMMARY

Federal Rule of Civil Procedure 1 indicates that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. The Court allowing Mr. Mesner to repeatedly file Federal Rule of Civil Procedure 60(b)(1) motions full of invective statements and conspiratorial allegations just to have to explain to him time and time again that they contain no actual examples of "mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), not only goes against the spirit of Rule 60(b)(1) but must go against any proper reading of Rule 1. Allowing relentless, unmeritorious, spurious motions from Ms. Mesner inhibits this Court's ability to "secure the just, speedy, and inexpensive determination of every action and proceeding," many of which are meritorious. FED. R. CIV. P. 1.

Since the Court's two *Cok* warnings that filing restrictions were in the offing were unsuccessful, and since Mr. Mesner has filed six post-judgment motions in the past ten days, the Court concludes it is essential for the just and swift execution of justice to enjoin Mr. Mesner from filing any further motions without first moving the court for permission to file. If Mr. Mesner wishes to file any further motions in this case, he must first move this Court to be allowed to do so and he must include the

11

proposed motion.  If the Court determines that the motion is potentially meritorious, it will order the motion docketed.  Conversely, if the Court determines that the motion is non-meritorious, it will direct the Clerk not to docket the motion and return it, undocketed, to Mr. Mesner.

## IV.   CONCLUSION

The Court DENIES Plaintiff Andrew Mesner's Motion [for] Relief from a Final Order and Judgment (ECF No. 69).

The Court STRIKES Plaintiff Andrew Mesner's Motion for Relief from a Final Order and Judgment (ECF No. 72).

The Court ENJOINS Plaintiff Andrew Mesner from filing any motion with this Court in *Mesner v. Fidelity Brokerage Services LLC, et al.*, No. 2:23-cv-00252-JAW, without first obtaining written permission from the Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2024

12